IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stanley Moss, | ) | Case No. 8:21-cv-01374-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ashley Z. Stanley, Hutchens Law Firm, | ) | |
| Rushmore Loan Management Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se and in forma pauperis, alleges violations of federal laws related to an underlying state foreclosure action. ECF Nos. 1, 7, 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation. On May 19, 2021, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without leave to amend and without service of process. Plaintiff filed objections and various other documents. ECF Nos. 16, 17, 20, 21, 26.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends dismissal of this action because it is duplicative of previously filed lawsuits by Plaintiff, Plaintiff failed to state a claim for relief under federal law, and the Court cannot provide the requested relief. The Magistrate Judge further recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff objects and argues that this Court has jurisdiction over his claims.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is

2

required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399.

To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "arising under the Constitution, laws, or treaties of the United States." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (internal quotation marks and citation omitted); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 453 (4th Cir. 2012) ("[S]ubject matter jurisdiction relates to

a federal court's *power* to hear a case . . . and that power is generally conferred by the basic statutory grants of subject matter jurisdiction.").

In his various filings since the issuance of the Report, Plaintiff does not specifically address the Magistrate Judge's analysis of his purported federal claims. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the Report, and the applicable law and agrees with the recommendation of the Magistrate Judge that Plaintiff has failed to state a cognizable claim that Defendants violated a constitutional provision or federal statute. Accordingly, the Court lacks jurisdiction over Plaintiff's claims arising from a federal question.[1]

A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

---

[1] Throughout his filings, Plaintiff makes general statements that Defendants were deliberately indifferent and violated the Fair Debt Collection Practices Act and his equal protection and due process rights. The Court finds, upon de novo review of Plaintiff's filings and the applicable law, that these statements fail to raise a federal question. *See Davenport v. White*, No. CV TDC-16-0785, 2016 WL 1718228, at *2 (D. Md. Apr. 28, 2016) (noting that "'[d]istrict judges are not mind readers' and therefore cannot be expected to 'construct full-blown claims' based on insufficient factual allegations" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985))).

4

As an initial matter, it appears that Plaintiff is domiciled in South Carolina. ECF No. 1 at 2. Further, Plaintiff indicates that at least one of the defendants is also domiciled in South Carolina. *Id.* (listing a defendant's address in South Carolina). Thus, complete diversity is lacking, and this Court has no diversity jurisdiction over this action.

The Court notes, however, that throughout his objections Plaintiff attempts to invoke diversity jurisdiction with respect to "Ashley Z. Stanley and Hutchens Law Firm" based on his belief that "Ashley Z. Stanley is a BAR member which stands for British Accreditation Registry. The BAR members swear their allegiance to a Foreign Power Britain and therefore this makes Ashley Z. Stanley a Foreign Agent . . . ." ECF Nos. 16 at 1; 17 at 2. Plaintiff contends that the "American B.A.R. Association is a 'Foreign Union'" and its "members all work in collusion with Israel, the British Empire, the Vatican, the Rothschild and Rockefeller banking empires, Congress, and the elite to undermine America[.]" ECF No. 16 at 1. Therefore, "[t]his allows the Court to have Diversity Jurisdiction over the Attorneys." *Id.* However, Plaintiff requests to "keep the current addresses [of Stanley and the Hutchens Law Firm] the same . . . ." *Id.*

This argument has been raised in various forms to other courts. *See Benton v. Whitney*, No. 3:12-CV-178-RJC, 2012 WL 4321323, at *2 (W.D.N.C. Sept. 20, 2012) ("The remainder of Plaintiff's allegations, including that Defendant Adolf is a 'Foreign Agent,' are frivolous."); *Sassman v. Dep't of Child Support Servs.*, No. 219CV00443MCEKJNPS, 2019 WL 2285387, at *3 (E.D. Cal. May 29, 2019) ("The court notes that the State Bar of California is not affiliated with the 'British Accreditation Registry.'"); *Barnave v. New York State Dep't of Fin. Servs.*, No. 120CV776DNHATB,

5

2020 WL 4721323, at *2 (N.D.N.Y. July 16, 2020), *report adopted,* No. 120CV776DNHATB, 2020 WL 4698466 (N.D.N.Y. Aug. 12, 2020), *appeal dismissed* (Mar. 8, 2021) ("Plaintiff is apparently equating the British Accreditation Registry ('BAR') with attorneys who are admitted to the 'bar.' The BAR is associated with a 'sovereign citizen['] conspiracy theory about the licensing of attorneys. https://www.snopes.com/fact-check/british-accredited-registry-bar/"). This Court finds that Plaintiff's allegations fail to sufficiently allege that this Court has jurisdiction over Plaintiff's claims pursuant to diversity jurisdiction.[2]

In the absence of either diversity or federal question jurisdiction, the Magistrate Judge recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims. In making its determination, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court. Accordingly, the Court adopts the recommendation of the Magistrate Judge and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3)–(4).

---

[2] To the extent Plaintiff intends to argue that the state court lacked jurisdiction to hear the foreclosure action "because State Court has no Jurisdiction over a dispute between a Foreign Agent and a State Citizen," this claim also fails. *See* ECF No. 17 at 2.

Plaintiff also objects to the fact that this matter was referred to a Magistrate Judge for pretrial management without his consent. As noted above, this matter was referred to the Magistrate Judge automatically pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). This reference does not require Plaintiff's consent. Plaintiff is able to consent to trial and disposition of a case by a Magistrate Judge; however, because Plaintiff has not so consented, the final disposition of this action remains with the undersigned. To the extent Plaintiff alleges the Magistrate Judge is biased against him, Judge Austin has ruled on his motion for recusal. ECF No. 24.

Finally, the undersigned also agrees with the Magistrate Judge's analysis with respect to Plaintiff's request for injunctive relief. *See* ECF No. 14 at 12–14. To the extent Plaintiff seeks to enjoin the pending state court foreclosure action, his request "preempts the foreclosure and has 'the same effect' as his request for an injunction to prevent foreclosure; both 'result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid.'" *Hayes v. JP Morgan Chase Bank*, No. 3:13-cv-1884-JFA, 2014 WL 4198897, at *5 (D.S.C. Aug. 20, 2014) (quoting *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)). Because Plaintiff's requested relief would effectively enjoin the state court proceeding, it is barred by the Anti-Injunction Act.[3]

---

[3] Among his various filings, Plaintiff submitted a document titled "Demand to Vacate Summary Judgment Pursuant to Civ. Rule 60b(1)(3) for Lack of Jurisdiction." ECF No. 26. To the extent Plaintiff intends this document as a supplement to his objections, the Court has considered his arguments in making this ruling. To the extent Plaintiff intends to move for reconsideration of the Court's decision, such motion is premature.

## CONCLUSION

Accordingly, the Court adopts the Report of the Magistrate Judge as set out above. This action is **DISMISSED** without prejudice and without issuance of service of process.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 21, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Plaintiff argues that amendment would not be futile because there are differences between the Complaint in this action and his previously filed lawsuits. ECF No. 17 at 3. Upon review, the Court agrees with the Magistrate Judge's analysis that leave to amend would be futile in this action. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see also Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020).